UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. CINELLI, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 1:09CV00016 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Michael A. Cinelli's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] and Respondent United States of America's Motion to Dismiss All Grounds of Movant's § 2255 Petition, Except for Allegations Concerning Movant's Right to Appeal [doc. #10].

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On March 6, 2008, Movant Michael A. Cinelli ("Movant") was sentenced by this Court to fifteen years in prison after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The fifteen-year sentence was the mandatory minimum sentence for the offense based on Movant's classification under 18 U.S.C. § 924(e) as an Armed Career Offender, and his plea agreement expressly provided that both he and the Government reserved their rights to appeal any sentencing issues. Movant now claims that he received ineffective assistance in violation of his Sixth Amendment right to counsel on a variety of grounds, including his attorney's failure to file an appeal concerning his sentence in spite of Movant's alleged instruction that he do so.

## II.    STANDARD OF REVIEW

A federal prisoner who seeks relief from a sentence under 28 U.S.C. § 2255 on grounds that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id*. Furthermore, a movant's

attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). Thus, proof of ineffective assistance of counsel satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion, except in "unusual circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). As such, a § 2255 movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

### III. DISCUSSION

Movant contends that his plea counsel provided ineffective assistance in violation of his Sixth Amendment right to counsel, in that counsel (1) failed to file a notice of appeal, challenging his sentence and the Court's classification of Movant as an Armed Career Offender under 18 U.S.C. § 924(e), in spite of Movant's express instructions that he do so; (2) failed to properly advise Movant and argue against the Government concerning the application of § 924(e); (3) failed to conduct an adequate investigation, interview and call witnesses on Movant's behalf, and

3

advise Movant about applicable defenses; (4) failed to file necessary pre-trial motions; (5) gave erroneous legal advice that coerced Movant into pleading guilty; (6) failed to object to the insufficient factual basis for Movant's guilty plea; (7) failed to object to the sufficiency of the Court's Rule 11 colloquy; (8) failed to object to Movant's sentence; and (9) generally failed to advocate Movant's interests in the plea process, and thereby failed to subject the Government's case to meaningful adversarial testing. With the exception of Movant's claim that counsel was ineffective in failing to file a notice of appeal, the Government argues that Movant's claims must be dismissed without an evidentiary hearing because they are either facially insufficient or clearly refuted by the record.

Establishing ineffective assistance of counsel is a "heavy burden." *See Apfel*, 97 F.3d at 1076. In the context of a guilty plea, Movant must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that he was prejudiced by counsel's deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotations omitted)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In determining whether counsel's conduct was objectively reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (citing *Strickland*, 466 U.S. at 689) (internal quotations omitted). Both prongs of the test must be satisfied for the claim to succeed; if a movant fails to make a sufficient showing under one prong, the court need not address the other. *See Strickland*, 466 U.S. at 697.

### A.     *Failure to File a Notice of Appeal*

In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland*'s two-prong test for evaluating ineffective assistance of counsel claims provides the appropriate framework for determining whether counsel's failure to file a notice of appeal violates a criminal defendant's Sixth Amendment right to counsel. 528 U.S. 470, 477 (2000). Under the first prong, requiring the defendant to show that counsel's representation was below the standard of objectively reasonable professional performance, counsel's performance is unconstitutionally deficient where she fails to consult with the defendant about an appeal and there is reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The second prong of the *Strickland* test, requiring actual prejudice, is presumptively satisfied where counsel fails to file an appeal although the defendant has specifically directed him to do so, and this is true irrespective of whether the defendant has legitimate grounds for his appeal.[1] *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)); *see also Flores-Ortega*, 528 U.S. at 485-86; *cf. Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.") (internal citation omitted). Thus, the *Watson* court concluded that because the movant alleged that he had made a specific request of his counsel to file an appeal, he was entitled to an evidentiary hearing because the

---

[1] If the defendant did not expressly request that counsel file an appeal, prejudice is determined based on whether "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

5

record could not "affirmatively refute" the movant's factual assertions about conversations with counsel outside of the courtroom. *Id.*; *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (§ 2255 may only be denied without an evidentiary hearing where it "is inadequate on its face or if the record affirmatively refutes the factual assertions on which it is based").

Movant expressly states in his Motion that he directed his plea counsel to file a notice of appeal challenging his sentence, and if he did in fact make that statement, counsel's failure to file a notice of appeal would amount to ineffective assistance under *Flores-Ortega* and *Watson*. As in *Watson*, the record here does not – and likely could not – conclusively refute Movant's claim, and the Court must therefore make a credibility determination in order to resolve Movant's Motion, which requires an evidentiary hearing. *See id.* ("Although the district court was not required to credit [the movant's] assertion [that he asked his attorney to file an appeal], it was required to hold a hearing before making factual determinations about [the movant's] credibility.") (internal citations omitted); *see also, e.g.*, *United States v. Harger*, 2009 WL 3833994, at *1 (5th Cir. 2009) ("The court clearly erred when it found that [the movant] provided no evidence that he instructed his attorney to file an appeal because, in the § 2255 motion, [the movant] declared under penalty of perjury that he explicitly instructed his lawyer to do so."). Furthermore, the Government concedes that an evidentiary hearing on this issue is necessary, and it therefore did not advocate dismissal of this claim in its Motion to Dismiss [doc. #10].

    ***B.    Failure to Properly Advise Movant and Argue against His Classification as an Armed Career Offender***

Movant alleges that counsel provided ineffective assistance by failing to advise him about the Armed Career Criminal Act ("ACCA" or "the Act"), 18 U.S.C. § 924(e), and by failing to object to application of the ACCA at sentencing. Movant also asserts that counsel should have

requested a stay of Movant's sentencing pending the decision of the Supreme Court in *Begay v. United States*, 128 S.Ct. 1581 (2008), which according to Movant would have required the Court to conclude that Movant's 1994 conviction for felony possession of a sawed-off shotgun was not a "violent felony" under the ACCA.

The ACCA provides for a mandatory fifteen-year prison term for felons who unlawfully possess a firearm and have three or more prior convictions "for a violent felony or a serious drug offense." *See* 18 U.S.C. § 924(e)(1). The Act defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that either

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

§ 924(e)(2)(B) (emphasis added). It is this italicized language – commonly referred to as the "otherwise" clause – that has presented problems, as courts have struggled to determine whether certain crimes "involve[] conduct that presents a serious potential risk of physical injury to another." *See, e.g.*, *Begay*, 553 U.S. 137 (driving under the influence of alcohol); *Chambers v. United States*, 129 S. Ct. 687 (2009) (failure to report to penal institution). In *Begay*, decided approximately one month after Movant was sentenced, the Supreme Court concluded that an offense fits within the "otherwise" clause only if it is "roughly similar, in kind as well as in degree of risk posed," to the example crimes listed in that provision: burglary, arson, extortion, and crimes involving the use of explosives. 553 U.S. at 142.

Movant has not demonstrated that he is entitled to an evidentiary hearing on his claims that counsel failed to advise him about the ACCA, failed to object to his ACCA classification, and failed to request a stay. First, Movant's claim that he was not properly advised that he faced a

7

mandatory minimum sentence of fifteen years if classified as an Armed Career Offender is clearly refuted by the record of the change of plea proceedings held on October 23, 2007:

> COURT:   Mr. Cinelli, in this case there is a very serious penalty provision. Congress has passed a law that says if a person is found guilty under the law [under] which you are charged, the minimum sentence that you can receive is 15 years.
>
> CINELLI:   Yes.

With respect to his claim concerning counsel's failure to object, counsel did not provide objectively unreasonable professional assistance in failing to object to application of the ACCA because felony possession of a sawed-off shotgun was considered a "violent felony" under the Act at that time. *See United States v. Childs*, 403 F.3d 970, 971 (8th Cir. 2005). Similarly, Movant cannot establish that he was prejudiced by counsel's failure to request a stay pending the decision in *Begay*, because his prior conviction remains a "violent felony" under the *Begay* analysis. *See United States v. Vincent*, 575 F.3d 820, 825 (8th Cir. 2009). Thus, Movant's ineffective assistance claims concerning the application of the ACCA at sentencing must be dismissed without an evidentiary hearing because the allegations supporting these claims either do not entitle him to relief or are clearly refuted by the record.

> C.   *Failure to Conduct an Adequate Investigation, Interview Witnesses, and Advise Movant about Applicable Defenses*

Movant contends that counsel failed to conduct a reasonable investigation in violation of his Sixth Amendment right to counsel, but Movant does not give any details concerning what, if anything, counsel failed to investigate. Movant states only that he is not aware of any investigation that counsel undertook, and that "[i]t is possible that counsel focused exclusively on pleading guilty and failed to provide effective assistance . . . by investigating other options available to Movant." Movant has not, however, set forth any facts indicating that further

8

investigation would have yielded exculpatory or otherwise helpful evidence, alleged the existence of any applicable defenses to the Government's charge of possession of a firearm by a convicted felon, or stated what witnesses existed or how interviewing them would have furthered his defense. His claim concerning witness interviews is also belied by the record, as Movant informed the Court prior to entering his plea that he was not aware of any witnesses helpful to his case whom had not been contacted.

In short, Movant's conclusory assertion that counsel failed to conduct a reasonable investigation, without any factual specifics, is insufficient to entitle Movant to relief, because there is no information from which the Court can assess whether counsel's performance was objectively unreasonable or whether Movant was thereby prejudiced. Accordingly, this claim will be denied without an evidentiary hearing.

### D.   *Failure to File Pretrial Motions*

As in Movant's failure-to-investigate claim, Movant argues that counsel was ineffective in failing to file certain necessary pre-trial motions, but he does not provide any facts supporting this assertion. Absent details as to what motions should have been filed or, for example, what evidence should have been suppressed, the Court cannot grant relief on this claim. As such, it will also be denied without an evidentiary hearing.

### E.   *Giving Erroneous Legal Advice*

Movant contends that in order to convince Movant to plead guilty, counsel provided erroneous legal advice that coerced him into doing so. Movant claims that counsel did not properly advise him on his federal constitutional and statutory rights, applicable Federal Rules of Civil Procedure, and the nature of the offense to which he pled guilty. Again, Movant does not provide any specific information as to how he was misinformed or how counsel's advice affected

9

his decision to plead guilty, making it impossible for the Court to assess whether counsel's performance was deficient and whether Movant was thereby prejudiced. Furthermore, Movant's claim that he did not understand the Government's charge is clearly refuted by the record in this case, as Movant admitted during the change of plea hearing, after the indictment was read to him, that he understood the charge pending against him. These claims will therefore be denied without an evidentiary hearing.

### F.  *Failure to Object to Factual Sufficiency of Guilty Plea*

Movant's claims that the Court's plea colloquy was deficient in failing to cover the "core elements" of his offense, and that counsel provided ineffective assistance in failing to object on the grounds that Movant had not admitted sufficient facts to be found guilty, are affirmatively refuted by the record. The elements of the offense of felon in possession of a firearm are:

> (1) a previous conviction for a crime punishable by a term of imprisonment exceeding one year;
> (2) the defendant thereafter knowingly possessed a firearm; and
> (3) the firearm affected or was involved in interstate commerce.

*United States v. Claybourne*, 415 F.3d 790, 795 (8th Cir. 2005). Movant was made aware of the factual basis for the charge against him, and he admitted to having committed the factual predicates:

> COURT:   I'm going to ask Mr. Sorrell to state or read into the record facts he believes he can prove, if called upon to do so, at a trial of your case. The purpose is to see if there is a factual basis upon which any conclusion of your guilt might rest. When he's finished speaking, if you believe, sir, that he misstates any facts or fails to include facts that you regard as important, please speak up and the record will be corrected.
>
> SORRELL:   Thank you, Your Honor.
> Those facts would be that on August 15, 2007, Michael A. Cinelli had been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year.

    (1) On December 19, 1994, in Elkhart, Indiana County Court in Case No. 20E02-9407-CF221, for the felony of possession of a sawed-off shotgun; and
    (2) On January 17, 1997, in the Noble, Indiana County Court in Case No. 57C01-9602-CF0111, for the felony of robbery; and
    (3) On August 11th, 1997, in the Elkhart, Indiana County Court in Case No. 20D01-9602-CF00015, for the felony of armed robbery.
    On August 15, 2007, Michael A. Cinelli was the driver of a vehicle stopped in Kennett, Missouri, for a traffic violation. During that stop, the police officer who conducted that stop asked Mr. Cinelli for permission to search his vehicle. Mr. Cinelli consented to the search.
    The officer found a Remington 12-gauge shotgun, bearing Serial Number A256889M in the vehicle.
    Mr. Cinellli was interviewed about the shotgun. He stated that he had borrowed the shotgun from his landlord and had not yet returned it to him.
    The shotgun was manufactured in a state other than Missouri and, therefore, affected interstate commerce.
    Prior to its discovery in Missouri, the location of the discovery this shotgun was in the Eastern District of Missouri.

COURT:  Do you have any disagreement with any of those facts?

CINELLI:  No.

The Government sufficiently set forth the factual basis for the charge, and Movant's admission therefore established that he could be found guilty of the offense. There was no viable objection for counsel to make with respect to the factual sufficiency of the plea, and Movant therefore cannot demonstrate the counsel's performance was objectively deficient or that he was prejudiced by counsel's failure to object. This claim is refuted by the record and will be denied without an evidentiary hearing.

   G. *Failure to Object to the Court's Rule 11 Colloquy*

   Movant next asserts that counsel was ineffective in failing to object to the Court's Rule 11 colloquy, which according to Movant did not include all of the required components. As discussed above, Movant admitted all of the necessary elements of the offense to which he pled

11

guilty, and Movant has not offered any argument as to what else might have been missing from the colloquy. Furthermore, the transcript of the proceeding reflects that the colloquy satisfied each of Rule 11(b)'s requirements. As with several of the preceding claims, Movant's bare, conclusory assertion of inadequacy provides the Court with no basis for assessing whether counsel's performance was deficient or whether Movant was prejudiced, and this claim will likewise be denied without an evidentiary hearing.

### H.    *Failure to Object to Sentence*

Movant asserts that he was prejudiced by counsel's failure to object to his sentence. As discussed above, Movant was properly sentenced as an Armed Career Offender to a minimum sentence of fifteen years, and Movant acknowledged in the plea agreement and upon entering his plea that he was aware of that minimum sentence. Thus, it is unclear what objection counsel should have, or could have, lodged in response to the sentence imposed. Because Movant cannot state a claim for ineffective assistance of counsel on these facts, there is no need for an evidentiary hearing on this claim.

### I.    *Failure to Advocate Movant's Interests*

Movant contends that counsel's general performance was ineffective in that he "entirely failed to subject the prosecution's case to meaningful adversarial testing," giving rise to a presumption that Movant was prejudiced. *See United States v. Cronic*, 466 U.S. 648, 659-60 (1984). The *Cronic* standard of presumed prejudice is only applied, however, in limited circumstances, such as where there is a complete denial of counsel or where counsel fails to oppose the prosecution's case throughout an entire trial. *See United States v. White*, 341 F.3d 673, 677-78 (8th Cir. 2003) (internal citations omitted). Even assuming that *Cronic* could apply where a criminal defendant is represented by counsel and enters a knowing and voluntary guilty

plea, Movant has made no specific factual allegations as to how counsel's performance was deficient as a whole that would justify applying a presumption of prejudice. *See id.* at 679 ("We have applied *Cronic* very narrowly and rarely have found a situation that justifies application of the presumption of prejudice.") (internal quotations and citations omitted).  This claim will be denied without an evidentiary hearing because Movant's conclusory allegations, even if true, are insufficient to entitle him to relief.

## IV.    CONCLUSION

Movant has demonstrated a need for an evidentiary hearing on his ineffective assistance of counsel claim based on his attorney's failure to file an appeal.  Movant asserts that he instructed his counsel to file a notice of appeal and that counsel failed to do so, which, if true, would necessarily amount to ineffective assistance in violation of his Sixth Amendment right to counsel. Thus, the Court will conduct an evidentiary hearing on this claim, limited to the issue of whether Movant did in fact direct counsel to file an appeal challenging his sentence.  Movant's remaining claims of ineffective assistance of counsel are either facially inadequate or affirmatively refuted by the record, and an evidentiary hearing is therefore not required on those matters.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss All Grounds of Movant's § 2255 Petition, Except for Allegation Concerning Movant's Right to Appeal [doc. #10] is **GRANTED**.

**IT IS FURTHER ORDERED** that with the exception of Movant's aforementioned claim of ineffective assistance of counsel based on his counsel's failure to file an appeal, Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall conduct an evidentiary hearing concerning Movant's failure-to-appeal claim of ineffective assistance of counsel.  The hearing shall be held before this Court on **June 10, 2010** at **3:00 P.M.**, and it will be limited to determining whether Movant instructed his attorney to file a notice of appeal.

**IT IS FURTHER ORDERED** that the presence and participation of Movant Michael A. Cinelli, Inmate No. 34073-044, is required for the evidentiary hearing.  The U.S. Marshal Service shall transport Movant from the U.S. Penitentiary in **McCreary, Kentucky** to the U.S. District Court in **St. Louis, Missouri** in advance of the hearing to be held on **June 10, 2010** at **3:00 P.M.**

Dated this 13th day of April, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE