UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. CINELLI, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:09CV00016 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court following an evidentiary hearing held on June 11, 2010 on Movant Michael A. Cinelli's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. In its Memorandum and Order dated April 13, 2010, the Court denied Movant's claims for relief in his Motion, with the exception of his ineffective assistance of counsel claim related to counsel's alleged failure to follow Movant's instruction that he file a notice of appeal concerning the Court's classification of Movant as an Armed Career Offender under 18 U.S.C. 924(e). With respect to that claim, the Court found that an evidentiary hearing was necessary to determine whether Movant did, in fact, instruct his attorney to file a notice of appeal.

In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland*'s two-prong test for evaluating ineffective assistance of counsel claims provides the appropriate framework for determining whether counsel's failure to file a notice of appeal violates a criminal defendant's Sixth Amendment right to counsel. 528 U.S. 470, 477 (2000). Under the first prong, requiring the defendant to show that counsel's representation was below the standard of objectively reasonable professional performance, counsel's performance is unconstitutionally deficient where

she fails to consult with the defendant about an appeal and there is reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The second prong of the *Strickland* test, requiring actual prejudice, is presumptively satisfied where counsel fails to file an appeal although the defendant has specifically directed him to do so, and this is true irrespective of whether the defendant has legitimate grounds for his appeal.[1] *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)); *see also Flores-Ortega*, 528 U.S. at 485-86; *cf. Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.") (internal citation omitted).

There was no evidence presented at the evidentiary hearing indicating that Movant instructed his plea counsel to file a notice of appeal. Counsel testified that he and Movant had specifically discussed the possibility of filing an appeal, and that he had given Movant his opinion that an appeal concerning the Armed Career Offender issue would likely be frivolous. Counsel further testified that he had no recollection of Movant ever requesting that he file an appeal, and counsel represented that there was no indication in his files from Movant's underlying criminal case that Movant made such a request. Movant's cross-examination of counsel did not introduce any doubt as to counsel's representations, and Movant declined to offer his own testimony to contradict or otherwise rebut counsel's statements. As such, the Court concludes that counsel's

---

[1] If the defendant did not expressly request that counsel file an appeal, prejudice is determined based on whether "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

2

performance was not objectively unreasonable, and therefore that Movant has failed to prove his ineffective assistance of counsel claim, because the uncontroverted evidence at the hearing established that counsel consulted with Movant about his appeal and that Movant did not specifically direct counsel to file a notice of appeal. The Court further concludes that Movant has not made a substantial showing of the denial of a constitutional right with respect to this claim or any of the other claims asserted in his Motion, as required in order for the Court to issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this <u>11th</u> Day of <u>June</u>, <u>2010</u>.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE